IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. JOSEPH C. "JOE" MAJDALANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-cv-894-GMB |
| | ) |
| AUBURN UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Plaintiff's Motion for Leave to File Second Amended Complaint. Doc. 41. The Plaintiff filed his initial Complaint on October 18, 2018. On February 20, 2019, the Plaintiff filed an Amended Complaint. Doc. 19. The Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint in Part on February 5, 2019. Doc. 21. The parties subsequently consented to jurisdiction by a United States Magistrate Judge. Doc. 27 & 28.

For reasons to be discussed, the court concludes that the Motion for Leave to File Second Amended Complaint is due to be GRANTED to the extent that the Plaintiff will be given additional time in which to file a new amended complaint.

**I.      STANDARD OF REVIEW**

Generally, leave to amend should be "freely given when justice so requires," but a court may disallow amendments when (1) the amendment would be prejudicial to the opposing party, (2) there has been undue delay or bad faith on the part of the moving party, or (3) the amendment would be futile. *Black v. Patrick*, 2015 WL 2133449, at *2 (M.D.

Ala. May 7, 2015) (citing Fed. R. Civ. P. 15(a); and *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996)). A claim is subject to dismissal when the complaint fails to allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. DISCUSSION

The Plaintiff states in his motion that he seeks amendment of his claims in part to clarify and add factual allegations addressing issues raised in the Defendants' partial motion to dismiss and to remove certain Defendants from some claims.

The Defendants argue that the Plaintiff ought not be permitted to file a third complaint because it merely delays the resolution of the Defendants' pending motion to dismiss. The Defendants further contend that the amendment is futile because of immunity defenses to various claims and because the proposed amendment does not cure the deficiencies of the first amended complaint.

Because the Defendants' motion seeks dismissal only in part, regardless of the ruling on that motion, this case will proceed on some claims. Therefore, allowing additional facts to be added which clarify the allegations in this case would not unduly prejudice the Defendants. The delay in adding the additional facts also resulted, at least in part, because the Plaintiff seeks to add facts to remedy deficiencies identified in the partial motion to dismiss. The court concludes, therefore, that allowing the Plaintiff to file a new amended complaint is consistent with Rule 15. The court also notes, however, that the Plaintiff concedes that the proposed amended complaint attached to his motion is not the

final form of amendment which this court should consider. *See* Doc. 46-1 at n.2 (stating that based on the Defendants' representation he does not oppose removing the Board of Trustees as a defendant from some counts within his proposed amendment). Accordingly, the court will not allow the filing of the proposed amended complaint but will give the Plaintiff additional time to file a new complaint. Once he has done so, the court will deny the pending motion to dismiss as moot, and the Defendants will be free to file a new motion to dismiss and raise all appropriate immunity defenses, if they choose to do so.

### III. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Leave to File Second Amended Complaint (Doc. 41) is GRANTED to the extent that the Plaintiff is given until **June 18, 2019** to file a new amended complaint which is complete unto itself and which complies with the Federal Rules of Civil Procedure.

Done this 4th day of June, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE